IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | 3:12-CR-007-O(01) |
| | § | |
| DAVID EUGENE THURSBY, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

On May 6, 2014, Defendant David Eugene Thursby, a state prisoner, filed a letter request to reduce his federal sentence, which was referred to the undersigned. [Doc. 99; Doc. 100].

I.

In December 2012, pursuant to a writ of habeas corpus *ad prosequendum* and following entry of his guilty plea, Petitioner was convicted of being a felon in possession of a firearm and was sentenced to 264 months imprisonment "to run concurrent with any sentence that may be imposed on his pending state charge of Unlawful Possession of a Firearm by a Felon, Case No. F-1154551; Possession of a Controlled Substance, Cocaine, Case No. F-1154550; Evading Arrest or Detention, Case No. F-1156425; Possession of a Controlled Substance, Cocaine, Case No. F-1162469; and Resisting Arrest, Case No. MA1250978." [Doc. 86 at 2]; *United States v. Thursby*, No. 3:12-CR-007-O (N.D. Tex. 2012), *aff'd*, No. 12-11233 (5th Cir. Mar. 26, 2014).

Subsequently, in February 2013, Petitioner was sentenced in state court to five years' imprisonment for unlawful possession of a firearm by a felon, and to one year's imprisonment for each of the remaining felony charges to run concurrently. *See State v. Thursby*, Nos. F-1154551, F-1154550, F-1156425, F-1162469 (363rd Judicial District Court, Dallas County, Feb.

1

5, 2013). Petitioner is presently incarcerated within the Texas Department of Criminal Justice (TDCJ) at the Sanchez Unit in El Paso, Texas, serving his state sentences.

In the instant motion, Defendant requests that the Court "revisit the terms of his sentencing and find that it is appropriate . . . that an immediately [sic] release be ordered in this matter." [Doc. 99 at 2]. He asserts that "if he was released from federal custody, the time which was previously served on this case should be honored by the State level also, and that over fifty percent of [his] State's 3G sentence has been served." [Doc. 99 at 3]. He maintains that "if the state's and federal imprisonment's time is to be run concurrently and 4 year's have been completed, on all cases," then the time he has "[s]erved should be honored by both state and federal level." [Doc. 99 at 3].

This Court lacks jurisdiction to entertain Defendant's unauthorized motion. *See United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994). Defendant fails to identify any statutory authority for the post-judgment correction and/or release from imprisonment that he seeks. Moreover, the Court cannot construe his motion as a request under FED. R. CRIM. P. 35 for sentence correction or reduction because the motion was neither made by the Government nor brought within fourteen days of sentencing. *See* FED. R. CRIM. P. 35; *Early*, 27 F.3d at 141. The motion is also not authorized under 18 U.S.C. § 3582(c)(2) because it does not rely upon an amendment to the Sentencing Guidelines. *See* § 3582(c)(2); *Early*, 27 F.3d at 142.

Liberally construing Defendant's motion as a request for habeas relief under 28 U.S.C. § 2241 (with respect to either his federal or state convictions), the same should be dismissed without prejudice for want of jurisdiction. To entertain a § 2241 habeas petition, a court must have jurisdiction over the prisoner or his custodian upon filing of the petition. *Lee v. Wetzel*, 244

F.3d 370, 373-74 and n. 3 (5th Cir. 2001) (district of incarceration is the only district with jurisdiction to entertain a section 2241 petition). Since Defendant is confined within TDCJ in El Paso, Texas, the Court lacks jurisdiction over a section 2241 petition.[1]

II.

For the foregoing reasons, it is recommended that Defendant's motion to reduce sentence [Doc. 99] be **DENIED** for lack of jurisdiction.

It is further recommended that the Clerk of the Court be **directed to open for indexing purposes** a new habeas corpus action pursuant to 28 U.S.C. § 2241 (nature of suit 530 -- assigned to the same district judge and magistrate judge) and to close the same on the basis of the order accepting this recommendation.

SIGNED May 7, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] The proper vehicle for challenging a federal criminal conviction after the direct appeal period has expired, as in this case, is a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). However, it is unclear from the contents of the present motion whether Defendant seeks to raise claims of a constitutional magnitude that may be cognizable under section 2255. Nevertheless, the Court cautions him that a one-year statute of limitations applies to such a motion under 28 U.S.C. § 2255(f).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

4